FILED

2015 AUG 19 PM 2: 51

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LICIA MAZEL, )
)
    Plaintiff, )
)
v. ) No. 6:15-cv-1382-Orl-28TBS
)
NAVIENT SOLUTIONS, INC., )
)
    Defendant. )

## PLAINTIFF'S COMPLAINT

Plaintiff, LICIA MAZEL ("Plaintiff"), through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, NAVIENT SOLUTIONS, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are

1

costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

8. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

9. Plaintiff is, and at all times mentioned herein, was a citizen and resident of Daytona Beach, Volusia County, Florida.

10. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein, was a corporation whose corporate headquarters are in Wilmington, Delaware.

12. Defendant is, and at all times mentioned herein, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

13. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Florida and in the County of Daytona, and within this judicial district.

## FACTUAL ALLEGATIONS

1. Within four (4) years of Plaintiff filing this Complaint, Defendant communicated with Plaintiff regarding one of Defendant's student loan accounts ("Account").

2. Within four (4) years of Plaintiff filing this Complaint, Defendant began to utilize Plaintiff's cellular telephone number, ending in 6838, to place virtually daily incessant calls to Plaintiff pertaining to an Account.

3. Within four (4) years of Plaintiff filing this Complaint, Defendant has called Plaintiff on her cellular telephone with pre-recorded messages.

3

4. Defendant calls Plaintiff's mother on Plaintiff's mother's cellular telephone number ending in 8875.

5. Defendant calls Plaintiff at an annoying and harassing rate, calling Plaintiff numberous times per day.

6. On or around April 1, 2015, Plaintiff requested Defendant stop calling her.

7. Despite this, Defendant continues to place repeated calls to Plaintiff, on her cellular telephone, using an "automated telephone dialing system."

8. Nonetheless, in or around April, 2015 Defendant resumed placing collection calls to Plaintiff on Plaintiff's cellular telephone.

9. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

10. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

11. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

12. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

13. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff requested Defendant stop calling her, and when one of Plaintiff's attorneys sent a cease-and-desist letter to Defendant.

4

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

14. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, LICIA MAZEL, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC., for the following:

15. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

16. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

17. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

18. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

14. Plaintiff repeats and realleges paragraphs 1-13 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

15. Defendant violated the FCCPA based on the following:

5

    a. Defendant violated the §559.72(7) of the FCCPA by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

WHEREFORE, Plaintiff, LICIA MAZEL, respectfully requests judgment be entered against Defendant, NAVIENT SOLUTIONS, INC., for the following:

16. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77,

17. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77, and

18. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. 559.77(2); and

19. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

August 7, 2015   By: /s/Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
E-mail: shireen@hormozdilaw.com
Attorney for Plaintiff